FILED

2006 OCT -2  AM 10: 10

RO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Renaldo E. Gibson,                                    CASE NO. 05cv1610-WQH (BLM)

                                    Petitioner,    **ORDER (1) ADOPTING REPORT AND RECOMMENDATION AND (2) DENYING PETITION FOR WRIT OF HABEAS CORPUS**

          vs.

Mark Shepard,

                                    Respondent.

HAYES, Judge:

        The matter before the Court is the review of the Report and Recommendation of Magistrate Judge Barbara L. Major, filed on March 6, 2006, recommending that Petitioner's Writ of Habeas Corpus should be denied and the case dismissed with prejudice. (Doc. No. 25.)

                                    **BACKGROUND**

        On August 12, 2005, Petitioner Renaldo Gibson ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus (Doc. No. 1) under 28 U.S.C. § 2254. The following facts are taken from the California Court of Appeal's opinion in *People v. Gibson*, Appeal No. D041730. *See* Opinion of the California Court of Appeal, *Lodgment 7* ("*Lodgment 7*").

        While returning to the United States from Mexico, Petitioner was detained at the port of entry on suspicion of transporting illegal drugs in his vehicle. *Lodgment 7* at 1. The customs officer testified at trial that Petitioner told him that he had been paid $1,000 to drive the car across the border. *Id.* The customs officer testified that the officers informed Petitioner that they had found about 70

1  pounds of marijuana in the car and he stated: "That's more than they told me that was going to be in

2  the car." *Id.*

3        Petitioner testified at trial and denied telling a customs officer that he was paid to cross the

4  border. *Lodgment 7* at 2. Petitioner denied making the remark that there was more marijuana than he

5  was told there would be. *Id.* Petitioner testified that he initially admitted that the marijuana was his

6  because he thought the officers were referring to a small bag of marijuana belonging to his passenger.

7  *Id.* However, Petitioner testified that when the officers informed him that there were 75 pounds of

8  marijuana in the car, he told the officers that was more than he was admitting to having. *Id.* Petitioner

9  testified that he did not know anything about the marijuana other than the small amount belonging to

10 his passenger. *Id.*

11       Petitioner was charged in state court with possession of marijuana for sale, in violation of the

12 Cal. Health & Saf. Code, § 11359 (count one), and transportation of over 28.5 grams of marijuana in

13 violation of Cal. Health & Saf. Code, § 11360, subd. (a) (count two). *Id.* During trial, a customs

14 officer testified that 75.2 pounds of marijuana were found in Petitioner's car. *Id.* The state court judge

15 then instructed the jury that both parties had stipulated that the "marijuana was possessed for sale and

16 not for personal use." *Id.* At the close of the evidence, the court instructed the jury that the elements

17 of possession of marijuana for sale are: (1) control or the right to control the marijuana; (2) knowledge

18 of its presence; (3) knowledge that the substance had a narcotic character; (4) specific intent to sell the

19 marijuana; and (5) that the marijuana was in an amount sufficient to be used for sale or consumption.

20 *Id.* (Citing CALJIC No. 12.21). Both parties acknowledged at trial that the only contested element in

21 this case was whether Petitioner had knowledge of the presence of the marijuana. *Id.* During closing

22 argument, defense counsel stated, "Now the issue here, and I said it from the beginning, was

23 knowledge ... We haven't challenged any other element in the case. We even stipulated. No tricks, no

24 smoke screens, no nothing." *Id.*

25       During deliberation, the jury asked for clarification from the court regarding the element of

26 specific intent to sell the marijuana. *Lodgment 7* at 3. The jury question stated: "Does he physically

27 need to be the 'seller' or does he need to have knowledge that someone else is selling it?" *Id.* In

28 response, the court stated: "The stipulation recited by counsel that the 75.2 pounds of marijuana was

1  possessed for sale and not for personal use controls." *Id.* The jury found Petitioner guilty on both

2  counts, and he was sentenced to a total term of 30 years to life. Respondent's Brief, *Lodgment 4* at 1.

3  Petitioner filed a consolidated appeal and petition for writ of habeas corpus. *Lodgment 7* at 2.

4  The California Court of Appeal, Fourth Appellate District, Division One affirmed the trial court's

5  judgment and denied the petition for writ of habeas corpus. *Id.* at 16. Petitioner filed a petition for

6  review in the California Supreme Court, which was denied without opinion on August 18, 2004.

7  Order of the California Supreme Court, *Lodgment 9.*

8  Petitioner seeks habeas relief in this federal court pursuant to 28 U.S.C. § 2254. Petitioner

9  challenges his conviction on the basis that (1) his trial counsel was ineffective in violation of his Sixth

10  Amendment right to counsel, and (2) the trial court directed a verdict in violation of his Sixth

11  Amendment right to a jury trial. Respondent argues that habeas relief should be denied because

12  Petitioner failed to show that the decision of the California Court of Appeal upholding the conviction

13  was contrary to, or an unreasonable application of, federal law or that the decision was based on an

14  unreasonable determination of the facts presented. *Answer* at 2. In a Report and Recommendation

15  filed on March 6, 2006, Magistrate Judge Major recommended that the district court deny the Petition.

16  *Report and Recommendation* ("*R&R*") at 18.

17  The Report and Recommendation concluded that Petitioner failed to show that his counsel's

18  performance was deficient and that the deficient performance prejudiced the defense. *R&R* at 9. The

19  Report and Recommendation concluded that the California Court of Appeal reasonably found that

20  defense counsel's decision to enter into a stipulation that the marijuana was possessed for sale was a

21  reasonable tactical approach for gaining credibility with the jury and that the stipulation did not

22  prejudice Petitioner's defense. *Id.* at 12.

23  The Report and Recommendation concluded that the California Court of Appeal reasonably

24  concluded that the trial court did not direct a verdict: "the trial judge's response did not constitute an

25  unconstitutional 'directed verdict' because the trial judge in no way foreclosed the jury from

26  determining the only contested issue in the case." *R&R* at 16. The Report and Recommendation

27  further concluded that the "California Court of Appeal's decision that any trial court error was

28  harmless is objectively reasonable. *Id.* at 18.

- 3 -

On March 21, 2006 Petitioner filed Objections to the Report and Recommendation, denying all of Respondent's statements and points of law. *See Pet. March 21, 2006 Objection.* Petitioner alleged that he had been unable to access the legal library since February 2, 2006 and unable to conduct the legal research necessary to make any specific objections. *See Id.* In support of his allegations, Petitioner attached a memorandum from Corcoran prison officials to the federal courts dated February 2, 2006 stating that inmates did not have access to the legal library due to extensive remodeling and modifications that were being undertaken. *See Id.*

In response to Petitioner's Objections, the Court granted Petitioner an additional 45 days to file new Objections. Petitioner once again filed the same Objections to the Report and Recommendation on July 19, 2006, filed *nunc pro tunc* on July 13, 2006, which made the same arguments and offered the same supporting memorandum dated February 2, 2006. *See Pet. July 13, 2006 Objections.* Respondent did not file any response or objections.

## STANDARD OF REVIEW

The duties of the District Court in connection with a Magistrate Judge's Report and Recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The District Court must "make a *de novo* determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); *see Protsman v. Pliler,* 318 F. Supp. 2d 1004, 1006 (S.D.Cal. 2004) (citing *United States v. Remsing,* 874 F.2d 614, 617 (9th Cir. 1989)).

When no objections are filed, the district court may assume the correctness of the Magistrate Judge's factual findings and decide the motion on the applicable law. *See Johnson v. Nelson,* 142 F. Supp. 2d 1215, 1217 (S.D.Cal. 2001) (citing *Campbell v. United States Dist. Ct.,* 501 F.2d 196, 206 (9th Cir. 1974). Petitioner, as noted, has filed general Objections to the Report and Recommendation (Doc. No. 15). Accordingly, the Court will conduct *de novo* review of the Magistrate Judge's Report and Recommendation in its entirety.

## DISCUSSION

Under 28 U.S.C. § 2254(d), a petitioner can seek habeas relief in federal court based on

- 4 -

1   either legal or factual claims. A factual claim arises if the state court's adjudication of a claim

2   resulted in a decision that was based on an unreasonable determination of the facts in light of the

3   evidence presented in state court. 28 U.S.C. § 2254(d)(2). A state court's decision will not be

4   overturned on factual grounds unless the Court finds that the state court's factual determinations

5   were objectively unreasonable in light of the evidence presented in the state court proceeding.

6   *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The Court is required to presume that the state

7   court's factual findings are correct, and a petitioner may overcome that presumption only by clear

8   and convincing evidence. 28 U.S.C. § 2254(e)(1). Petitioner has not presented any evidence

9   indicating that the factual findings of the California Court of Appeal are not correct. Therefore, the

10   Court presumes the factual findings correct and proceeds with the legal analysis of Petitioner's

11   claims.

12       Petitioner asserts that habeas relief should be granted on his claim of ineffective assistance

13   of trial counsel and his claim that the trial judge directed a verdict against him. The Court finds

14   that the Magistrate Judge correctly concluded that there was no violation of Petitioner's

15   constitutional right for ineffective assistance of counsel and no constitutional violation for a

16   directed verdict. Therefore, the Court adopts the Report and Recommendation in its entirety.

17       The Magistrate Judge correctly relied on the appropriate federal law. In order to prevail on

18   a claim for ineffective assistance of counsel, the defendant must overcome the strong presumption

19   that his counsel's actions were sound trial strategy under the circumstances prevailing at trial. *R&*

20   *R* at 9-10 (citing *Lodgment 7* at 689). Generally, stipulation by defense counsel as to one element

21   of an offense for purposes of gaining credibility with the jury is a tactical approach recognized by

22   courts as legitimate. *See Yarborough v. Gentry*, 540 U.S. 1, 9-10 (2003). Because Petitioner was

23   transporting approximately $29,000 to $45,000 worth of marijuana, no reasonable trier of fact

24   could have found that the drugs were merely for personal use and not for sale. The Magistrate

25   Judge correctly concluded that the trial counsel's decision not to contest this easily proven fact and

26   to focus on the "knowledge" element was a reasonable tactic. *R&R* at 11.

27       The Magistrate Judge also correctly concluded that Petitioner is not entitled to habeas relief

28   based on his claim that the trial court directed a verdict. A "directed verdict" results when the trial

- 5 -

1  judge's actions foreclose independent jury consideration of whether the evidence establishes the

2  contested elements of the charged offense. *Powell v. Galaza*, 328 F.3d 558, 563 (9th Cir. 2003).

3  In this case, the trial judge responded to the jury's question by indicating that the stipulation

4  governed the issue of whether the marijuana was for sale or personal use. *R&R* at 16.  The judge's

5  response related only to the "intent to sell" element, and therefore could not have affected the

6  jury's determination of Petitioner's "knowledge" which was the only contested element of the

7  crime. *Id.*  Therefore, the Magistrate Judge correctly concluded that the judge did not remove any

8  contested element from the jury's consideration and that any error the trial court might have made

9  in answering the jury's question was harmless error.

10                                            **CONCLUSION**

11        IT IS HEREBY ORDERED that the Report and Recommendation is adopted in its entirety

12  and the Petition for Writ of Habeas Corpus is denied. The Clerk of the Court shall enter judgment

13  in favor of Respondent.

14

15  Dated: _9/29/06_

16                                               William Q. Hayes
                                                 United States District Judge
17

18

19

20

21

22

23

24

25

26

27

28