# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENALDO E. GIBSON,<br><br>                            Petitioner,<br>  vs.<br>MARK SHEPARD,<br><br>                            Respondent. | CASE NO. 05CV1610 WQH (BLM)<br><br>ORDER GRANTING CERTIFICATE OF APPEALABILITY |

HAYES, Judge:

      On August 12, 2005, Petitioner Renaldo E. Gibson (Gibson) filed a petition for writ of habeas corpus. (Doc. # 1). On March 6, 2006, Magistrate Judge Major issued a Report and Recommendation recommending that the district court deny the petition. (Doc. # 25). On October 2, 2006, this Court adopted Magistrate Judge Major's Report and Recommendation and denied Gibson's petition for writ of habeas corpus. (Doc. # 31). On November 1, 2006, Gibson filed a notice of appeal and a motion for certificate of appealability. (Docs. # 33, 34).

      A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To this end, it must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "Upon the filing of a notice of appeal and a request for a certificate of appealability, the district court shall indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should

not be granted." *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997), *citing* 28 U.S.C. § 2253(c)(3).

Although the Court denied Gibson's habeas petition on the merits, the Court finds that Gibson raised colorable constitutional arguments with respect to his claim for ineffective assistance of counsel under the Sixth Amendment.

> [T]he issuance of a COA is not precluded where the petitioner cannot meet the standard to obtain a writ of habeas corpus. . . .This general principle reflects the fact that the COA requirement constitutes a gatekeeping mechanism that prevents [an appellate court] from devoting judicial resources on frivolous issues while at the same time affording habeas petitioners an opportunity to persuade [the appellate court] . . . of the potential merit of issues that may appear, at first glance, to lack merit.

*Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal citation omitted); *see also Jefferson v. Welborn*, 222 F.3d 286, 289 (7th Cir. 2000) (a COA should issue unless the claims are "utterly without merit"). The Court concludes that Gibson's claims are not frivolous and make a substantial showing of the denial of a constitutional right. Accordingly, the Court **GRANTS** Gibson's motion for a certificate of appealability.

**IT IS SO ORDERED**.

DATED: November 20, 2006

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge